1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                        **EASTERN DISTRICT OF CALIFORNIA**

10

11   JAIME PALACIOS,                         Case No. 1:13-cv-01531-LJO-BAM-HC

12            Petitioner,                    FINDINGS AND RECOMMENDATIONS TO
                                             GRANT RESPONDENT'S MOTION TO
13                                           DISMISS THE PETITION (DOC. 19)
         v.
14                                           FINDINGS AND RECOMMENDATIONS TO
     MICHAEL L. BENOV,                       DISMISS THE PETITION FOR WRIT OF
                                             HABEAS CORPUS AS MOOT (DOC. 1)
15            Respondent.                    AND TO DIRECT THE CLERK TO CLOSE
                                             THE ACTION
16

17                                           **OBJECTIONS DEADLINE: 30 DAYS**

18

19        Petitioner is a federal prisoner proceeding pro se and in forma

20   pauperis with a petition for writ of habeas corpus pursuant to 28

21   U.S.C. § 2241.  The matter has been referred to the Magistrate Judge

22   pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304.

23   Pending before the Court is the Respondent's motion to dismiss the

24   petition as moot, which was filed on March 3, 2014, and supported

25   with documentation submitted on March 26, 2014.  Petitioner filed

26   opposition to the motion on March 17, 2014.  Although the time for

27   filing a reply has passed, no reply has been filed.  Further,

28   Petitioner did not take the opportunity to file supplemental

                                     1

1   opposition after the Respondent's supporting documentation was

2   filed.

3       I.   Background

4       Petitioner, an inmate of the Taft Correctional Institution

5   (TCI), challenges the disallowance of forty-one days of good conduct

6   time credit that Petitioner suffered as a result of prison

7   disciplinary findings, initially made at TCI on or about December

8   29, 2011, that he engaged in prohibited conduct by possessing a

9   hazardous tool (a cell phone) on or about November 19, 2011.  (Pet.,

10  doc. 1 at 9, 13-14.)  Petitioner challenges the loss of credit and

11  seeks invalidation of the sanction.  Petitioner raises the following

12  claims in the petition:  1) because the disciplinary hearing officer

13  (DHO) was not an employee of the Federal Bureau of Prisons (BOP) and

14  thus lacked the authority to conduct the disciplinary hearing and

15  make findings resulting in punishment, including disallowance of

16  good time credit, Petitioner suffered a violation of his right to

17  due process of law; and 2) because the hearing officer was not an

18  employee of the BOP but rather was an employee of a private entity

19  with a financial interest in the disallowance of good time credits,

20  Petitioner's due process right to an independent and impartial

21  decision maker at the disciplinary hearing was violated.  (Id. at 3-

22  9.)

23      Respondent moves for dismissal of the petition as moot because

24  the disciplinary charges were reheard via teleconference on February

25  27, 2014, by a certified disciplinary hearing officer of the BOP.

26  At the rehearing, Petitioner admitted the violation.  The BOP DHO

27  found that Petitioner had committed the prohibited misconduct, and

28  she assessed the same disallowance of good conduct time credit

1   (forty-one days), but she reduced the time of administrative

2   segregation and loss of telephone privileges.  (Decl., doc. 22, 2-4;

3   attchmt. 4, doc. 22, 19-21.)

4        II.   Mootness

5        Federal courts lack jurisdiction to decide cases that are moot

6   because the courts' constitutional authority extends to only actual

7   cases or controversies.  Iron Arrow Honor Society v. Heckler, 464

8   U.S. 67, 70-71 (1983).  Article III requires a case or controversy

9   in which a litigant has a personal stake in the outcome of the suit

10  throughout all stages of federal judicial proceedings and has

11  suffered some actual injury that can be redressed by a favorable

12  judicial decision.  Id.  A petition for writ of habeas corpus

13  becomes moot when it no longer presents a case or controversy under

14  Article III, § 2 of the Constitution.  Wilson v. Terhune, 319 F.3d

15  477, 479 (9th Cir. 2003).  A petition for writ of habeas corpus is

16  moot where a petitioner's claim for relief cannot be redressed by a

17  favorable decision of the court issuing a writ of habeas corpus.

18  Burnett v. Lampert, 432 F.3d 996, 1000-01 (9th Cir. 2005) (quoting

19  Spencer v. Kemna, 523 U.S. 1, 7 (1998)).  Mootness is

20  jurisdictional.  See, Cole v. Oroville Union High School District,

21  228 F.3d 1092, 1098-99 (9th Cir. 2000).  Thus, a moot petition must

22  be dismissed because nothing remains before the Court to be

23  remedied.  Spencer v. Kemna, 523 U.S. 1, 18.

24       Here, documentation submitted by Respondent in support of the

25  motion to dismiss demonstrates that the claims initially alleged by

26  Petitioner are no longer in controversy.  The charges were reheard

27  by an officer who had the very qualifications that Petitioner had

28  alleged were required by principles of due process of law and the

3

1   pertinent regulations.  It is undisputed that the findings and

2   sanctions that constituted the object of Petitioner's challenges in

3   the petition have now been superseded by the findings and sanctions

4   of the certified BOP DHO.

5        When, because of intervening events, a court cannot give any

6   effectual relief in favor of the petitioner, the proceeding should

7   be dismissed as moot.  Calderon v. Moore, 518 U.S. 149, 150 (1996).

8   In the present case, it appears that the only relief that Petitioner

9   sought was invalidation of the findings and associated sanctions.

10  It appears that the rehearing of the incident report by an

11  indisputably qualified DHO has effectuated the relief sought by

12  Petitioner.  Thus, it is no longer possible for this Court to issue

13  a decision redressing the injury.

14       Petitioner argues that the controversy is not moot because the

15  rehearing was part of disciplinary proceedings that were wholly

16  invalid or unconstitutional.  The asserted invalidity is based on

17  the fact that in the earlier stages of the disciplinary process,

18  employees of the private prison management company, who did not

19  constitute BOP staff, participated in violation of various

20  regulations, including 28 C.F.R. § 541.5, which requires "staff" to

21  witness or suspect a violation and issue an incident report, 28

22  C.F.R. § 541.5(a); requires a "Bureau staff member" to investigate

23  the incident report, 28 C.F.R. § 541.5(b); and directs that it is

24  "staff" who ordinarily serve on a unit disciplinary committee, a

25  body which considers disciplinary charges before the charges are

26  heard by a DHO, § 541.7(b).  Petitioner argues that the hearing and

27  rehearing process evinced deliberate indifference to his liberties

28  and violated his Fifth Amendment right to equal protection of the

1  laws and his Eighth Amendment right to be free from cruel and

2  unusual punishment.

3      However, the documentation attached to the petition shows that

4  the BOP DHO considered not only the incident report and

5  investigation, but also photographic evidence and Petitioner's

6  repeated admissions of the truth of the incident report made during

7  the investigation, at a unit disciplinary hearing, and at the

8  rehearing before the BOP DHO.  (Doc. 22, 19-20.)  The photographs

9  and Petitioner's repeated admissions provide strong and independent

10  support for the finding of misconduct and also undercut Petitioner's

11  general allegation that he suffered a taint from the earlier stages

12  of the disciplinary process.

13      Further, the documentation establishes that Petitioner received

14  all procedural due process due under Wolff v. McDonnell, 418 U.S.

15  539 (1974).  Procedural due process of law requires that where the

16  state has made good time subject to forfeiture only for serious

17  misbehavior, then prisoners subject to a loss of good-time credits

18  must be given advance written notice of the claimed violation, a

19  right to call witnesses and present documentary evidence where it

20  would not be unduly hazardous to institutional safety or

21  correctional goals, and a written statement of the finder of fact as

22  to the evidence relied upon and the reasons for disciplinary action

23  taken.  Wolff v. McDonnell, 418 U.S. at 563-64.  Further, if the

24  inmate is illiterate, or the issue so complex that it is unlikely

25  that the inmate will be able to collect and present the evidence

26  necessary for an adequate comprehension of the case, the inmate

27  should have access to help from staff or a sufficiently competent

28  inmate designated by the staff.  However, confrontation, cross-

5

examination, and counsel are not required.  Wolff, 418 U.S. at 568-

70.  Where good-time credits are a protected liberty interest, the

decision to revoke credits must also be supported by some evidence

in the record.  Superintendent v. Hill, 472 U.S. 445, 454 (1985).

Here, Petitioner's admission of responsibility precludes any

claim of a lack of evidence to support the disciplinary finding.

Likewise, the documentation shows that Petitioner received adequate

notice; waived witnesses, staff representation, and presentation of

evidence; and received a written statement of the decision.  (Doc.

22, 12-21.)  In light of these circumstances, it does not appear

that Petitioner suffered any prejudice from either participation of

non-BOP staffers in the earlier stages of the disciplinary process

or any delay experienced in the course of the rehearing process.

It is recognized that generally a failure to meet a prison

guideline regarding a disciplinary hearing would not alone

constitute a denial of due process.  See Bostic v. Carlson, 884 F.2d

1267, 1270 (9th Cir. 1989).  In the absence of controlling

authority, the Court notes that several courts have concluded that

to establish a denial of due process of law, prejudice is generally

required.  See Brecht v. Abrahamson, 507 U.S. 619, 637 (1993)

(proceeding pursuant to 28 U.S.C. § 2254); see also Tien v. Sisto,

Civ. No. 2:07 cv-02436-VAP (HC), 2010 WL 1236308, at *4 (E.D.Cal.

Mar. 26, 2010) (recognizing that while neither the United States

Supreme Court nor the Ninth Circuit Court of Appeals has spoken on

the issue, numerous federal Courts of Appeals, as well as courts in

this district, have held that a prisoner must show prejudice to

state a habeas claim based on an alleged due process violation in a

disciplinary proceeding, and citing Pilgrim v. Luther, 571 F.3d 201,

6

1  206 (2d Cir. 2009); Howard v. United States Bureau of Prisons, 487

2  F.3d 808, 813 (10th Cir. 2007); Piggie v. Cotton, 342 F.3d 660, 666

3  (7th Cir. 2003); Elkin v. Fauver, 969 F.2d 48, 53 (3d Cir. 1992);

4  Poon v. Carey, no. Civ. S 05 0801 JAM EFB P, 2008 WL 5381964, *5

5  (E.D.Cal. Dec. 22, 2008); and Gonzalez v. Clark, no. 1:07 CV 0220

6  AWI JMD HC, 2008 WL 4601495, at *4 (E.D.Cal. Oct. 15, 2008)); see

7  also Smith v. United States Parole Commission, 875 F.2d 1361, 1368-

8  69 (9th Cir. 1989) (holding in a § 2241 proceeding that a prisoner

9  challenging the government's delayed compliance with a procedural

10  regulation that required counsel to be appointed before a record

11  review in parole revocation proceedings was required to demonstrate

12  prejudice to be entitled to habeas relief); Standlee v. Rhay, 557

13  F.2d 1303, 1307-08 (9th Cir. 1977) (stating that burden is on a

14  parolee to demonstrate that failure to permit a witness's live

15  testimony at a revocation hearing was so prejudicial as to violate

16  due process).

17      In summary, the claims in the petition before the Court are no

18  longer subject to redress by the Court.  Further, the factual

19  accuracy of the findings on rehearing are undisputed, the record

20  establishes that Petitioner received procedural due process of law,

21  and there is no indication that Petitioner suffered any legally

22  cognizable prejudice.

23      Although Petitioner now alleges that other details of the early

24  stages of the prison's disciplinary program are contrary to

25  regulation, the Court concludes that in light of the foregoing

26  analysis, it does not appear that these aspects of Petitioner's

27  confinement bear any relationship to the legality or duration of

28

1   Petitioner's confinement and thus do not fall within the core of

2   habeas corpus jurisdiction.

3        A federal court may not entertain an action over which it has

4   no jurisdiction.  Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir.

5   2000).  Relief by way of a writ of habeas corpus extends to a person

6   in custody under the authority of the United States if the

7   petitioner can show that he is "in custody in violation of the

8   Constitution or laws or treaties of the United States."  28 U.S.C.

9   § 2241(c)(1) & (3).  A habeas corpus action is the proper mechanism

10  for a prisoner to challenge the fact or duration of his confinement.

11  Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Tucker v. Carlson,

12  925 F.2d 330, 332 (9th Cir. 1990) (holding in a Bivens[1] action that a

13  claim that time spent serving a state sentence should have been

14  credited against a federal sentence concerned the fact or duration

15  of confinement and thus should have been construed as a petition for

16  writ of habeas corpus pursuant to § 28 U.S.C. § 2241, but that to the

17  extent that the complaint sought damages for civil rights

18  violations, it should be construed as a Bivens action); Crawford v.

19  Bell, 599 F.2d 890, 891-892 (9th Cir. 1979) (upholding dismissal of

20  a petition challenging conditions of confinement and noting that the

21  writ of habeas corpus has traditionally been limited to attacks upon

22  the legality or duration of confinement); see, Greenhill v. Lappin,

23  376 Fed. Appx. 757, 757-58 (9th Cir. 2010) (unpublished) (holding

---

[1] The reference is to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

8

that the appropriate remedy for a federal prisoner's claim that

relates to the conditions of his confinement is a civil rights

action under Bivens); but see Bostic v. Carlson, 884 F.2d 1267, 1269

(9th Cir. 1989) (holding that habeas corpus is available pursuant to

§ 2241 for claims concerning denial of good time credits and

subjection to greater restrictions of liberty, such as disciplinary

segregation, without due process of law); Cardenas v. Adler, no.

1:09-cv-00831-AWI-JLT-HC, 2010 WL 2180378 (E.D.Cal., May 28, 2010)

(holding that a petitioner's challenge to the constitutionality of

the sanction of disciplinary segregation and his claim that the

disciplinary proceedings were the product of retaliation by prison

staff were cognizable in a habeas proceeding pursuant to § 2241).

Claims concerning various prison conditions that have been

brought pursuant to § 2241 have been dismissed in this district for

lack of subject matter jurisdiction with indications that an action

pursuant to Bivens is appropriate.  See, e.g., Dyson v. Rios, no.

1:10-cv-00382-DLB(HC), 2010 WL 3516358, *3 (E.D.Cal. Sept. 2, 2010)

(a claim challenging placement in a special management housing unit

in connection with a disciplinary violation); Burnette v. Smith, no.

CIV S-08-2178 DAD P, 2009 WL 667199 at *1 (E.D.Cal. Mar. 13, 2009)

(a petition seeking a transfer and prevention of retaliation by

prison staff); Evans v. U.S. Penitentiary, no. 1:07-CV-01611 OWW GSA

HC, 2007 WL 4212339 at *1 (E.D.Cal. Nov. 27, 2007) (claims brought

pursuant to § 2241 regarding a transfer and inadequate medical

care).

Here, to the extent that any claims remain before the Court,

1   the claims concern conditions of confinement that do not bear a

2   relationship to, or have any effect on, the legality or duration of

3   Petitioner's confinement.  It has long been established that habeas

4   corpus should be used as a vehicle to determine the lawfulness of

5   custody and not as a writ of error.  See Eagles v. U.S. ex rel.

6   Samuels, 329 U.S. 304, 311-12 (1946).  Habeas corpus proceedings are

7   not an appropriate forum for claims regarding disciplinary

8   procedures if the effect of the procedures on the length of the

9   inmate's sentence is only speculative or incidental.  Sisk v.

10  Branch, 974 F.2d 116, 117-118 (9th Cir. 1992).  The Court concludes

11  that if any claims remain before the Court, the claims are not

12  within the core of habeas corpus jurisdiction pursuant to 28 U.S.C.

13  § 2241.

14       In summary, Petitioner has not asserted any factual or legal

15  basis that would preclude a finding of mootness.  The Court thus

16  concludes that the matter is moot because the Court may no longer

17  grant any effective relief.  See, Badea v. Cox, 931 F.2d 573, 574

18  (9th Cir. 1991) (holding that a habeas claim was moot where a former

19  inmate sought placement in a community treatment center but was

20  subsequently released on parole and no longer sought such a

21  transfer); Kittel v. Thomas, 620 F.3d 949 (9th Cir. 2010)

22  (dismissing as moot a petition seeking early release where the

23  petitioner was released and where there was no live, justiciable

24  question on which the parties disagreed).

25       Accordingly, it will be recommended that the Court grant the

26  motion to dismiss the petition as moot.

27       III.  Recommendations

28       Accordingly, it is RECOMMENDED that:

10

1    1) The petition for writ of habeas corpus be DISMISSED as moot;

2  and  2) The Clerk be DIRECTED to close the action.

3    These findings and recommendations are submitted to the United

4  States District Court Judge assigned to the case, pursuant to the

5  provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local

6  Rules of Practice for the United States District Court, Eastern

7  District of California.  Within thirty (30) days after being served

8  with a copy, any party may file written objections with the Court

9  and serve a copy on all parties.  Such a document should be

10 captioned "Objections to Magistrate Judge's Findings and

11 Recommendations."  Replies to the objections shall be served and

12 filed within fourteen (14) days (plus three (3) days if served by

13 mail) after service of the objections.  The Court will then review

14 the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

15 The parties are advised that failure to file objections within the

16 specified time may waive the right to appeal the District Court's

17 order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

18

19 IT IS SO ORDERED.

20    Dated:   **June 6, 2014**          /s/ *Barbara A. McAuliffe*    _

21                                    UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28

11